IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM PATRICK GIVEN,<br><br>　　　　Petitioner,<br>vs.<br><br>JIM SALMONSEN and BRIAN M. GOOTKIN,<br><br>　　　　Respondents. | CV 23-129-BLG-DWM<br><br><br>ORDER |

Given is a convicted state prisoner that seeks habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1.) For the reasons stated below, Given's petition is dismissed.

## I. PRELIMINARY REVIEW

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an

1

unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II. ANALYSIS: FEDERAL STATUTE OF LIMITATIONS

Given's petition was previously determined to likely be barred by AEDPA's one-year limitations period. (Doc. 2); *see also* 28 U.S.C. § 2244. Given was directed to show cause why his petition should not be dismissed as untimely. (Doc. 3.) Given responded with an assertion of actual innocence, claiming his untimeliness should be excused because he has new evidence to prove that, more likely than not, no reasonable fact-finder could find him guilty beyond reasonable doubt. (Doc. 6); *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). This test is commonly called the "actual innocence" gateway. Given's argument fails to excuse his lack of timeliness for the following reasons.

A claim of actual innocence is not a cognizable basis for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 393 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact. *See, e.g.*, *Moore v. Dempsey,* 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved"); *Herrera*, 506 U.S. at 400. "[A] claim of "actual innocence" is not itself a constitutional claim, but instead a "gateway" through which a habeas petitioner must pass to have his

2

otherwise barred constitutional claim considered on the merits. *Id.* at 404.

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, [...] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, at 329 (1995)).

Any gateway innocence claim is foreclosed, however, if the petitioner fails to produce any new evidence. *See, e.g., Pratt v. Filson*, 705 F. App'x 523, 525 (9th Cir. 2017). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup*, 513 U.S. at 324. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Given's alleged new evidence is an affidavit of a doctor who opines that, in his medical opinion, the victim in this case, at age nine, would not have been physically mature enough to ejaculate, thus undermining the credibility of the

3

victim's testimony at trial. (Doc. 6 (citing Doc. 1-5).) Given posits that Dr. Karlovsky's testimony "would be equivalent to scientific evidence that the two assaults could never have occurred as described by the victim." (*Id.* at 6.)

Dr. Karlovsky's report is not new evidence within the meaning of the actual innocence gateway. While the affidavit itself or the testimony of Dr. Karlovsky may not have been available at the time of Given's trial, the underlying facts were; i.e., the victim's age and maturity were available as grounds of impeachment at the time of trial. Dr. Karlovsky's proposed testimony, as captured in the affidavit, is not new information that could not have been known to Given at the time of his conviction, or within one year of it, such that it now would excuse his untimeliness and allow him to pass through the actual innocence gateway.

Further, Karlovsky's affidavit is not sufficiently persuasive, such that "a court cannot have confidence in the outcome of the trial." *McQuiggin*, 569 U.S. at 401. At most, Karlovsky's testimony could impeach the victim's recollection about certain aspects of two of the events he testified to at trial. Neither the victim's testimony nor those two occasions were the entirety of the evidence against Given. Another young victim testified, as did an expert for the state. Given's Petition details much of the evidence at trial, and hundreds of pages of transcripts and filings are appended to Given's Petition. Other evidence was admitted regarding Given's conduct with the victim and with a prior victim. The affidavit of Dr.

4

Karlovsky is not so persuasive as to undermine the other evidence in the case and to carry Given's burden to show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386.

Finally, Given has never presented this "new evidence" to the state courts. A federal habeas court generally will not hear claims that have never been fairly presented in state court. Given hypothesized about the existence of such evidence in his brief to the Montana Supreme Court, but he did not provide the affidavit at issue here. (Appellant's Opening Br., DA 18-0616 at 32 (April 5, 2019.))[1] Given also attached his state district court petition to his petition in this Court. (Doc. 1-14.)

> [R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.

---

[1] Judicial notice may be taken of matters either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records). Given's Supreme Court brief is available at www.supremecourtdocket.mt.gov.

*Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). The state courts have not had an opportunity to consider the Dr. Karlovsky's affidavit, and thus, neither can this Court.

### III. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, a court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).  Given has not made a substantial showing that he was deprived of a constitutional right. He has failed to justify his untimely filing. Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability is therefore denied.

Accordingly, it is ORDERED:

1.     Given's petition is DISMISSED. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58. Any pending motions are DENIED as moot.

2.     A certificate of appealability is DENIED. The Clerk shall immediately process the appeal if Given files a notice of appeal.

DATED this 15th day of June, 2024.

_____
Donald W. Molloy, District Judge
United States District Court